UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-20919-ALTMAN

FIDEL HERNANDEZ PADRON,

     *Petitioner*,

v.

MIAMI FIELD OFFICE DIRECTOR, *et al.*,

     *Respondents*.

_____/

## ORDER

Fidel Hernandez Padron's Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1] presents a question of statutory interpretation that has divided judges across the country: Is an alien who's living in the United States without having been lawfully admitted subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), or is he entitled to a bond hearing under 8 U.S.C. § 1226(a)? After a careful review of the Petition, the Government's Response to Order to Show Cause ("Response") [ECF No. 8], and the Petitioner's Reply ("Reply") [ECF No. 10], we **DENY** the Petition.

### BACKGROUND

Our Petitioner, Cleofas Gonzales Juan, is a Mexican citizen "who entered the United States without inspection on or about March 23, 2006." Resp. at 1. "On December 30, 2025, Petitioner was arrested in Broward County for Resisting Officer without Violence, Loitering and transferred to the custody of the Department of Homeland Security (DHS) on January 1, 2026." *Id.* at 1–2. "On January 14, 2026, a Broward County Court judge entered a disposition order withholding adjudication on the two charges." *Id.* at 2. The Petitioner "is currently in removal proceedings under 8 U.S.C. § 1229a"

and "detained without bond under 8 U.S.C. § 1225(b)(2)(A)." *Ibid.*; *see also* Pet. ¶ 46 ("Petitioner is now detained at the Krome North SPC in Miami, Florida.").

The Petitioner now seeks habeas relief in our Court, bringing three counts. Count I alleges that "[t]he mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to the grounds of inadmissibility." Pet. ¶ 53; *see also ibid.* ("As relevant here, it does not apply to those who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings[.]"). Count II claims that "[t]he application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates 8 C.F.R. §§ 236.1, 1236.1, and 1003.19." *Id.* ¶ 58. And Count III contends that "[t]he government's detention of Petitioner without a bond redetermination hearing pursuant to U.S.C. § 1226 to determine whether he is a flight risk or danger to others violates his right to due process." *Id.* ¶ 62.

## THE LAW

Section 2241 allows district courts to grant relief to petitioners who are held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This jurisdiction extends to petitioners challenging their detention under our immigration laws. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## ANALYSIS

### I.    The Petitioner's Detention is Governed by 8 U.S.C. § 1225

Section 1225 governs the inspection and removal of a specific subset of aliens—"applicants for admission." 8 U.S.C. § 1225(a). Subsection (a)(1) defines "applicant[s] for admission" as "alien[s] present in the United States who [have] not been admitted *or* who arrive[ ] in the United States[.]" § 1225(a)(1) (emphasis added). An alien hasn't been "admitted" to the United States until he's obtained "lawful entry . . . into the United States after inspection and authorization by an immigration officer."

2

§ 1101(a)(13)(A). An applicant for admission who isn't "clearly and beyond a doubt entitled to be admitted" to the United States "shall be detained" for removal proceedings. § 1225(b)(2)(A).

The Petitioner argues that "§ 1225(b)(2)(A) does not apply to . . . those who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings[.]" Pet. ¶ 53. In turn, the Respondents maintain that the "Petitioner is properly detained as an applicant for admission subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A)." Resp. at 4. We agree with the Respondents.

Whether an alien who's lived in the United States unlawfully for years is an "applicant for admission" under § 1225 has divided the judges in our District. *Compare Morales v. Noem*, 2026 WL 236307, at *8 (S.D. Fla. Jan. 29, 2026) (Singhal, J.) ("Because Petitioner is present without admission, he is an 'applicant for admission' governed by section 1225."); *with Ardon-Quiroz v. Assistant Field Dir.*, 2025 WL 3451645, at *7 (S.D. Fla. Dec. 1, 2025) (Becerra, J.) (holding that a petitioner like ours was "governed by section 1226(a) and, therefore, . . . entitled to an individualized bond hearing"). And the Eleventh Circuit hasn't resolved this split—although two relevant appeals are pending in that court. *See Alvarez v. Warden,* No. 25-14065 (11th Cir.); *Perez v. Parra*, No. 25-14075 (11th Cir.).

But the Fifth Circuit *has* addressed this precise question in a recent (and thorough) opinion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In that case, the Fifth Circuit concluded that "[t]he text and context of § 1225 contradict[ed]" the Petitioner's position and held that aliens "present in the United States [that] [have] not been admitted" are unambiguously "applicants for admission within the meaning of § 1225(a)(1)." *Id.* at 502.

After careful review, we think the Fifth Circuit and our own Judge Singhal have the better view. *See generally ibid.*; *Morales*, 2026 WL 236307. The plain text of § 1225(a)(1) defines aliens, like our Petitioner, as "applicants for admission" notwithstanding their distance from the border or the time they've spent in the United States without admission. And, while the text of the statute resolves the

question presented in our case, we also agree with the Fifth Circuit that the contrary view would yield bizarre results. As the Fifth Circuit observed: "It seems strange to suggest that Congress would have preserved bond hearings exclusively for unlawful entrants." *Buenrostro-Mendez*, 166 F.4th at 508.

We thus conclude that the Petitioner is an "applicant for admission" and that his detention is governed by § 1225, which doesn't grant him the right to an individualized bond hearing. *See id.* at 502 ("Nor do the petitioners dispute that if § 1225(b)(2)(A) applies to them, it would require their detention without eligibility for bond. The statute unambiguously provides for mandatory detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." (cleaned up)).[1]

## II.      The Petitioner's Detention Doesn't Violate Due Process

The Petitioner also advances a perfunctory due-process claim. *See* Pet. ¶ 62 ("The government's detention of Petitioner without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process."). We reject this argument with little difficulty. The Supreme Court has already held that the government needn't conduct individualized bond hearings to determine an alien's flight risk and may detain aliens in removal proceedings to combat the risk of widespread flight. *See Demore v. Kim*, 538 U.S. 510, 528 (2003) (upholding § 1226(c)'s mandatory-detention scheme against a challenge that alien detainees had a due-

---

[1] We recognize that we've adopted what is currently the minority view among district courts. *See Beunrostro-Mendez*, 2026 WL 323330, at *3 ("Since DHS began to detain unadmitted aliens under § 1225(b)(2)(A), well over a thousand aliens have filed habeas corpus petitions seeking bond hearings. In most of these cases, the district court found in favor of the petitioner."). Still, many judges across the country agree with the position we've taken here. *See, e.g., Uulu v. Warden*, 2026 WL 412204 (E.D. Cal. Feb. 13, 2026) (Shubb, J.); *Arana v. Arteta*, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026) (Woods, J.); *Lopez v. Dir. of Enf't & Removal Operations*, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026) (Pratt, J.); *Gutierrez Sosa v. Holt*, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026) (Wyrick, J.). And we think that number will grow once these cases reach the circuit courts.

process right to individualized bond hearings); *cf. Morales*, 2026 WL 236307, at *9 (rejecting a due-process claim in circumstances very similar to ours).

### CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1.  The Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

2.  All pending deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on March 12, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov